# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 1611 | **DATE** | 7/30/2004 |
| **CASE TITLE** | Godfrey vs. Budz, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ■ Status hearing reset for 9/10/04 at 10:00 a.m.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Defendants' motion to dismiss is denied as to defendants Mascote, Harderson, Smith and Mantzke, and granted as to defendant Budz. Defendant Budz is dismissed from this action. The remaining defendants shall answer by 8/31/04. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | 4 | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | 8/2/04 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | rbf | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 7/30/2004 | |
| | | | date mailed notice | |
| rs courtroom deputy's initials | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
AUG 0 2 2004

JAMES GODFREY,       )
                     )
        Plaintiff,   )
                     )
v.                   )   Case No. 04 C 1611
                     )
TIMOTHY BUDZ ET AL., )   Judge Blanche M. Manning
                     )
        Defendants.  )

## MEMORANDUM OPINION AND ORDER

Plaintiff James Godfrey is currently a pretrial sexually violent person and is confined at the Joliet Annex of the Illinois Department of Human Services. He has brought this *pro se* 42 U.S.C.§ 1983 civil rights action pursuant to the Sexually Violent Persons Commitment Act, 725 ILCS 207/1 *et seq.*, claiming that he was assaulted by another detainee because the defendants failed to protect him. Defendants filed a motion to dismiss, claiming that Plaintiff fails to state a claim for relief. For the reasons stated in this order, the motion is denied.

## STANDARD OF REVIEW

In considering a motion to dismiss, the court must accept as true all well-pleaded facts and must draw all reasonable inferences from those allegations in plaintiff's favor; a complaint shall only be dismissed if it is beyond doubt that the plaintiff can prove no facts which would entitle him to relief. *MCM Partners, Inc. v. Andrews-Bartlett & Assoc., Inc.*, 62 F.3d 967, 972 (7th Cir. 1995). Furthermore, when confronted with a *pro se* complaint, the court must employ a more liberal standard of review than would be used where an attorney prepared the complaint.

1



*Haines v. Kerner*, 404 U.S. 519 (1972); *Whitford v. Boglino*, 63 F.3d 527, 535 (7th Cir. 1995). Despite this liberal review of pleadings, federal rules still require that the complaint allege facts which would provide an adequate basis for each claim. *Gray v. Dane County*, 854 F.2d 179, 182 (7th Cir. 1988). On a motion to dismiss, a plaintiff's well-pleaded allegations of fact are taken as true and all reasonable inferences are drawn in the plaintiff's favor. *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Units*, 507 U.S. 163 (1993); *Swofford v. Mandrell*, 969 F.2d 547, 549 (7th Cir.1992). Additionally, as long as they are consistent with the allegations of the complaint, a party may assert additional facts in his or her response to a motion to dismiss. *Travel All Over the World, Inc. v. Kingdom of Saudi Arabia*, 73 F.3d 1423, 1428 (7th Cir.1996); *Highsmith v. Chrysler Credit Corp.*, 18 F.3d 434, 439-40 (7th Cir.1994). Furthermore, the court can take judicial notice of matters of public record without converting a motion to dismiss into one for summary judgment. *Henson v. CSC Credit Services*, 29 F. 3d 280, 284 (7th Cir. 1984).

## Background

Plaintiff alleges that on August 12, 2003, defendants warned him that another detainee, Gregory White, wanted to fight with him. While Plaintiff was drafting another civil rights complaint in the day room area of the living quarters, detainee White approached him. Defendants Henderson, Mantzke and Smith, all security therapist aides, had encouraged White to attack him. They said to White, "kick his ass we got your back."[sic] As a result of this attack, Plaintiff lost sight in his right eye.

After the attack, these defendants grabbed White, a move which Plaintiff claims was not to protect Plaintiff, but rather to protect White, who was holding a battery in his hand with which

2

he had beaten Plaintiff. Plaintiff further alleges that defendant Mary Mascote, also a security therapist aide, gave White candy bars and an electric fan to encourage him to fight with Plaintiff, because Plaintiff had filed written complaints about Mascote's sexual behavior with another resident.

Plaintiff's claim against defendant Budz is that as director of the Joliet Annex facility, he was responsible for training the staff and that he was responsible for the staff ignoring the facility rules. Plaintiff further alleges that Budz intentionally mixes classifications of pretrial with committed persons so that Plaintiff was mixed in with more violent people. He also states that detainee White was a known racist.

Defendants' motion to dismiss claims that because defendants warned Plaintiff about the risk to his safety from detainee White, it was not their fault that the attack occurred. Further, the Defendants contend that they acted immediately to pull White away from Plaintiff once Plaintiff was attacked and that they are not required to "guarantee or ensure" Plaintiff's safety. They also assert that Plaintiff's own pleadings defeat his deliberate indifference claim. In addition, Defendants state that Plaintiff's claim that defendant Mascote bribed detainee White is insufficient because it is based on suspicions rather than facts.

Further, defendant states that defendant Budz should be dismissed because he had no personal involvement in the alleged conduct. He was not involved in the day to day operations of the living unit at Joliet Annex and Plaintiff fails to allege that there was an institutional policy not to protect detainees. Rather, Plaintiff's claim against Budz was as supervisor of the staff and as enforcer of state laws and regulations.

3

## Discussion

Reading Plaintiff's complaint and accompanying pleadings in the light most favorable to him, we take the following facts as true, for the purpose of this motion to dismiss: defendants Mascote, Harderson, Smith and Mantzke encouraged another detainee to attack Plaintiff in retaliation for his filing a complaint against one or more of them, and they failed to protect Plaintiff from this attack, from which Plaintiff sustained serious injury (the loss of sight in his right eye). Defendant Budz was not personally involved with the attack or the retaliatory conduct.

### Defendant Budz

Plaintiff's allegations that Budz violated state law are not actionable under 42 U.S.C. § 1983. *Pacelli v. DeVito*, 972 F.2d 871, 875 (7th Cir. 1992). Further, the claims against Budz in his supervisory capacity are also not actionable. Liability under 42 U.S.C.§1983 requires personal involvement, not merely supervisory responsibility. *Whitford v. Boglino*, 63 F. 3d 527, 530-31(7th Cir. 1995). Liability attaches when a supervisor knows about conduct and approves it, condones it, or turns a blind eye. *Vance v. Peters*, 97 F. 3d 987, 992-93 (7th Cir. 1996); *Gentry v. Duckworth*, 65 F. 3d 555, 561 (7th Cir. 1995); *Black v. Lane*, 22 F. 3d1395, 1401 (7th Cir. 1994). As the Plaintiff does not allege that Budz had anything to do with the attack by White, his claims against Budz in his supervisory capacity fail.

### Defendants Henderson, Mantzke, Smith and Mascote

However, Plaintiff's allegations do state a claim for relief against the other defendants. A prison official can be held liable under 42 U.S.C. § 1983 only if "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts

4

from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994)[1]. In Plaintiff's case, he alleges, (and defendants confirm in their motion), that defendants were aware of the risk to Plaintiff from detainee White. In fact, it was they who warned Plaintiff of the risk from this detainee. Hence, they clearly drew the inference that White posed a risk to the Plaintiff because they warned the Plaintiff about it. The only issue then, in determining whether Plaintiff has stated a claim for relief, is whether the fact that defendants warned Plaintiff of the attack but did not do anything to either prevent it or protect him from White, means that they disregarded the risk to Plaintiff's safety as a matter of law. If the Defendants were obligated to do more to protect the Plaintiff, then he has stated a claim for relief.

First, Plaintiff alleges that defendants encouraged this inmate to attack him; that would certainly qualify as disregarding the risk to Plaintiff. But in addition, the notion that a warning, without more, is as a matter of law, all that is required to protect an institutionalized person is an unaccepted notion under any reading of the clearly established law. Is telling an inmate that someone is planning to attack them a reasonable way to abate the potential danger to that inmate? Prison officials have a duty to ensure the safety of inmates from the violent acts of other inmates. *Farmer v. Brennan*, 511 U.S. 825(1994); *Soto v. Johansen*, 137 F. 3d 980,981(7th Cir. 1998); *Zarnes v. Rhodes*, 64 F.3d 285, 290 (7th Cir.1995). Warning Plaintiff of the impending

---

[1]The court notes that *Farmer* is an Eighth Amendment case. But in deliberate indifference cases, the same basic standards apply to pretrial detainees as to convicted felons. Pretrial detainees enjoy "at least as great as the Eighth Amendment protections available to a prisoner." *See City of Revere v. Massachusetts Gen. Hosp.*, 463 U.S. 239, 244 (1983); *Estate of Cole by Pardue v. Fromm*, 94 F.3d 254, 259 n. 1 (7th Cir. 1996). Thus, the Plaintiff's claims must be analyzed under the Fourteenth Amendment as for other pretrial detainees. *See Floyd v. Nelson*, 2002 WL 1483896 (N.D. Il.).

harm, and then doing nothing to protect him from that harm, does not comply with the clearly established law. But Plaintiff alleges more; he alleges that defendants set up the fight with detainee White. With this additional allegation, not to mention Plaintiff's bare bones retaliation claim, it is all the more clear that Plaintiff has stated a claim for relief.

Next, we address defendants' argument that the claims against Mascote are insufficient because Plaintiff does not allege facts, only suspicions. Perhaps defendants' counsel is unaware of the pleading requirements of this court. A plaintiff need not plead particular legal theories or particular facts in order to state a claim. *See Bennett v. Schmidt,* 153 F.3d 516, 518-19 (7th Cir.1998); *Nance v. Vieregge,* 147 F. 3d 589,590, (7th Cir. 1998). All that is required is "a short and plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit,* 507 U.S. 163, 168 (1993) (citations and internal quotation marks omitted); *see* Fed.R.Civ.P. 8(a)(2); *Kyle v. Morton High Sch.,* 144 F.3d 448, 454 (7th Cir. 1998); *DeWalt v. Carter,* 224 F. 3d 607 (7th Cir. 1999). Plaintiff has clearly met these requirements.

We turn finally to defendants' qualified immunity argument. The question is whether plaintiff has successfully alleged a violation of one or more constitutional rights, and if so, whether he has shown that the constitutional standards were objectively clear at the time the defendants took their action. *Saucier v. Katz,* 533 U.S. 194, 201 (2001); *Anderson v. Creighton,* 483 U.S. 635, 639-640 (1987).

Defendants admit that the law related to protection from harm is clearly established. Where they go awry in their analysis is their conclusion that if they warned Plaintiff of danger,

6

then they did not violate the law. They assert that they acted reasonably under the circumstances, presumably meaning that their only duty is to warn and not to protect.

This argument fails on two levels. First, defendants' summary of the clearly established law (*see* discussion *supra*, pp. 4-6) is incorrect. Second, at this stage of the litigation, they cannot merely assert that they complied with the law. That remains to be seen with development of the facts. Rather, the only issue is whether the plaintiff alleged in his complaint that defendants failed to comply with the clearly established law. He did this, so defendants' qualified immunity defense must fail.

## CONCLUSION

It is therefore ordered that the motion to dismiss is denied as to defendants Mascote, Harderson, Smith and Mantzke and granted as to defendant Budz. Defendant Budz is dismissed from this action. The remaining defendants are given 30 days to answer.

ENTER:

Blanche M. Manning
UNITED STATES DISTRICT COURT

DATED: JUL 3 0 2004